```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/30/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEVI HARRISON, JR.,

                Plaintiff,

-against-

KUBRICK GROUP; TYCHO BIDCO LIMITED,

                Defendants.

23-cv-10274 (MKV)

**ORDER OF SERVICE**

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. By order dated November 28, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

**DISCUSSION**

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

    To allow Plaintiff to effect service on Defendants Kubrick Group and Tycho Bidco Limited through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for each defendant. The Clerk of Court

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court screened the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses issue.

is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses issue, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

<u>Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so</u>.

## CONCLUSION

The Clerk of Court is instructed to issue summonses for Defendants Kubrick Group and Tycho Bidco Limited, complete the USM-285 forms with the addresses for these defendants, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is further directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

**Date:    November 30, 2023**
**         New York, New York**

*[signature: Mary Kay Vyskocil]*

**MARY KAY VYSKOCIL**
**United States District Judge**

## DEFENDANTS AND SERVICE ADDRESSES

1. Kubrick Group
   1270 Avenue of the Americas
   New York, NY 10020

2. Tycho Bidco Ltd.
   85 Queen Victoria Street
   London EC4V 4AB
   England