UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEVI HARRISON, JR., | |
| Plaintiff, | |
| -against- | |
| KUBRICK GROUP; TYCHO BIDCO LIMITED, | |
| Defendants. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   12/16/2025

23-cv-10274 (MKV)

ORDER

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Levi Harrison, Jr., proceeding *pro se*, initiated the above-captioned employment discrimination action in 2023 [ECF No. 1].  After participating in mediation, at which Mr. Harrison was represented by *pro bono* counsel, whom the Court requested that the Pro Se Office locate for him, the parties reached a settlement and filed a stipulation of dismissal [ECF Nos. 6, 48; *see* ECF No. 47].  This case has been closed for more than a year [ECF No. 47].  Last weekend, on December 13, 2025, Mr. Harrison, again proceeding *pro se*, filed, in this closed case, a series of submissions requesting that the Court "vacate" the parties' settlement agreement [ECF Nos. 49, 50, 51, 52].  Today, Mr. Harrison filed a motion for emergency relief, seeking an order prohibiting defense counsel from communicating with him about his purported pending Motion to Vacate or anything in the settlement agreement" [ECF No. 53].  Thereafter, defense counsel filed a letter requesting an extension of time to respond [ECF No. 54].

This Court has no jurisdiction to entertain Mr. Harrison's motions or to order any relief. Mr. Harrison's employment discrimination case has been closed for more than a year.  The Court did not retain jurisdiction over the parties' settlement agreement.  Indeed, the Court's Individual Rules of Practice in Civil Cases provide that the Court "generally will not retain jurisdiction to enforce settlement agreements," and parties must make a showing of "exceptional and compelling

circumstances" to "justify requesting that the Court retain jurisdiction." Rule 6(C). No such request or showing was made here.

As the Supreme Court has explained, a request for relief in connection with a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378 (1994). The Court cannot simply preside over the present disagreement between the parties to the above-captioned case as if the case had never closed. If Mr. Harrison has a new claim against the defendants, he must file a new case.

Accordingly, Mr. Harrison's motions [ECF Nos. 49, 53] are DENIED without prejudice for lack of jurisdiction. The request for an extension of time [ECF No. 54] is likewise denied. This case is closed, and the parties should not file any further submissions in this case.

The Clerk of Court respectfully is requested to terminate all open motions.

**SO ORDERED.**

Date: **December 16, 2025**
      **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**